Stephanie D. Curtis
  Texas State Bar No. 05286800
Mark A. Castillo
  Texas State Bar No. 24027795
Melanie P. Goolsby
  Texas State Bar No. 24059841
THE CURTIS LAW FIRM, PC
901 Main Street, Suite 6515
Dallas, Texas 75202
Telephone: 214.752.2222
Facsimile: 214.752.0709

PROPOSED COUNSEL FOR DEBTORS
AND DEBTORS-IN-POSSESSION

**IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **IN RE** § | |
| § | **Case No. 09-31896** |
| **GULF COAST TRANSPORT, INC.,** *et* § | **(Jointly Administered)** |
| *al.*, § | **Chapter 11** |
| § | |
| **Debtors.**[1] § | |

**DEBTORS' LIMITED RESPONSE TO OBJECTION OF THE UNSECURED
CREDITORS COMMITTEE IN GC LOGISTICS, INC. TO THE ENTRY OF A FINAL
ORDER ON THE DEBTORS' EMERGENCY MOTION PURSUANT TO 11 U.S.C. §§
363 AND/OR 364 FOR INTERIM AND FINAL ORDERS AUTHORIZING
(I) DEBTOR-IN-POSSESSION FINANCING AND/OR (II) LIMITED USE OF CASH
<u>COLLATERAL AND GRANTING ADEQUATE PROTECTION</u>**

TO THE HONORABLE STACEY G.C. JERNIGAN
UNITED STATES BANKRUPTCY JUDGE:

GULF COAST TRANSPORT, INC., debtor and debtor-in-possession, and its affiliated debtors and debtors-in-possession GC Leasing Services, Inc., GC Logistics, Inc., and Gulf Acquisitions, Inc. (collectively, the "<u>Debtors</u>"), file this Limited Response (the "<u>Response</u>") to the Objection to the Entry of a Final Order on the Debtors' Emergency Motion Pursuant to 11 U.S.C. §§ 363 and/or 364 for Interim and Final Orders Authorizing (I) Debtor-in-Possession

---

[1] The Debtors are Gulf Coast Transport, Inc., Case No. 09-31896; GC Leasing Services, Inc., Case No. 09-31897; GC Logistics, Inc., Case No. 09-31898; Gulf Acquisitions, Inc., Case No. 09-31899.

---

**DEBTORS' RESPONSE TO LOGISTICS COMMITTEE'S OBJECTION**          **Page 1 of 5**

Financing and/or (II) Limited Use of Cash Collateral and Granting Adequate Protection (the "Objection") of the Unsecured Creditors Committee in GC Logistics, Inc. (the "Logistics Committee"), and in support hereof state as follows.

## BACKGROUND

1. On March 31, 2009 (the "Petition Date"), the Debtors commenced the above-captioned bankruptcy cases (collectively, the "Bankruptcy Cases") by filing their voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"). The Debtors' Bankruptcy Cases now are jointly administered as complex chapter 11 cases under lead Case No. 09-31896.

2. On April 1, 2009, the Debtors filed their Emergency Motion Pursuant to 11 U.S.C. §§363 and/or 364 for Interim and Final orders Authorizing (I) Debtors-in-Possession Financing and/or (II) Limiting Use of Cash Collateral and Granting Adequate Protection (the "Cash Collateral Motion") [Docket No. 9].

3. On April 2, 2009, the Debtors submitted the Stipulation and Agreement Regarding Debtors' Emergency Motion Pursuant to 11 U.S.C. §§ 363 and/or 364 for Interim and Final Orders Authorizing (I) Debtor-in-Possession Financing and/or (II) Limited Use of Cash Collateral and Granting Adequate Protection (as revised, the "Stipulation") [Docket No. 20], which was amended on April 28, 2009 [Docket No. 108].

4. On April 3, 2009, the Court entered its interim order approving the Cash Collateral Stipulation (the "Interim Order") [Docket No. 27], and hearing has been set for April 29, 2009 to approve the Cash Collateral Stipulation on a final basis (as proposed, the "Final Order").

5. On April 16, 2009, the Logistics Committee was appointed solely in the GC Logistics, Inc. case.

**LIMITED RESPONSE**

6. The Logistics Committee is charged with the duty to represent the interests of GC Logistics, Inc.'s unsecured creditors alone. As a result of the discussions and negotiations between the Debtors and Marquette,[2] GC Logistics, Inc. will no longer be factoring with Marquette post-petition. Because the previously proposed DIP Financing of GC Logistics, Inc. has now been carved out of the Final Order, and because the Final Stipulation and Final Order have been revised, the bulk of the objections in the Logistics Committee's Objection are moot. As shown below, the balance of the Logistics Committee's objections are addressed through new language included in the Final Stipulation and Final Order to protect the Logistics Committee's purported interests or are otherwise moot or not ripe and improperly presented before the Court as requests for affirmative relief from an objecting party.

7. In response to the Logistics Committee's objection to the shortened investigation period allowed the Logistics Committee to assert an objection to the nature, extent, validity, or priority of Marquette's security interests, the Debtors respond that they have agreed to modify the Stipulation and Final Order to expressly allow the Logistics Committee until August 7, 2009 to assert such objections.

8. The Debtors further respond that the Logistics Committee's issues regarding the use and/or carve out of *potential* cash collateral of GC Logistics, Inc. have been addressed and/or resolved with revisions to the Final Stipulation and Final Order.

9. Finally, the Logistics Committee "objects" that the Final Order should grant the Logistics Committee standing to pursue Chapter 5 causes of action on behalf of GC Logistics,

---

[2] All terms not defined herein shall have the same meaning ascribed to them in the Objection.

---

**DEBTORS' RESPONSE TO LOGISTICS COMMITTEE'S OBJECTION** **Page 3 of 5**

Inc.  While reserving all rights to further respond to this request when and if properly made, the Debtors submit that this objection/request for relief is premature, improper, not ripe, not germane to the pending Cash Collateral Motion, and has not been properly presented to the Debtors or the Court for their consideration.  Notwithstanding the foregoing, however, the Debtors reserve the right to respond further, if and when necessary, to unresolved "objections" and/or all requests made by the Logistics Committee in its "Objection."

WHEREFORE, PREMISES CONSIDERED, the Debtors respectfully request that the Court overrule the Objection, deny, with the exception only of any express resolutions stated herein, the relief requested by the Logistics Committee in the Objection, and grant the Debtors such other and further relief to which they are entitled at law or in equity.

Dated: April 29, 2009.                              Respectfully submitted,


                                                    */s/ Stephanie D. Curtis*
                                                    Stephanie D. Curtis
                                                      Texas State Bar No. 05286800
                                                    Mark A. Castillo
                                                      Texas State Bar No. 24027795
                                                    Melanie P. Goolsby
                                                      Texas State Bar No. 24059841
                                                    THE CURTIS LAW FIRM, PC
                                                    901 Main Street, Suite 6515
                                                    Dallas, Texas  75202
                                                    Telephone: 214.752.2222
                                                    Facsimile: 214.752.0709

                                                    PROPOSED COUNSEL FOR DEBTORS
                                                    AND DEBTORS-IN-POSSESSION

## CERTIFICATE OF SERVICE

This is to certify that, on April 29, 2009, a true and correct copy of the foregoing document has been served on the below listed proposed counsel for the Logistics Committee by email and facsimile, and upon all parties receiving ECF notification upon filing.

Kevin M. Lippman
Lee Pannier
Munsch Hardt Kopf & Harr, P.C.
3800 Lincoln Plaza
500 North Akard Street
Dallas, TX  75201-6659
Facsimile: 214-855-7584
Email: klippman@munsch.com
    lpannier@munsch.com

PROPOSED COUNSEL FOR THE
UNSECURED CREDITORS COMMITTEE
IN GC LOGISTICS, INC.

                                        */s/ Melanie P. Goolsby*
                                        Melanie P. Goolsby