Kevin M. Lippman
Texas Bar No. 00784479
Davor Rukavina
Texas Bar No. 24030781
Lee J. Pannier
Texas Bar No. 24066705
**MUNSCH HARDT KOPF & HARR, P.C.**
3800 Lincoln Plaza
500 North Akard Street
Dallas, Texas 75201-6659
Telephone:   (214) 855-7500
Facsimile:   (214) 855-7584

**COUNSEL FOR THE UNSECURED CREDITORS
COMMITTEE IN GC LOGISTICS, INC.**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| GULF COAST TRANSPORT, INC., *et al.*, | § | Case No. 09-31896-SGJ -11 |
| | § | |
| Debtors.[1] | § | Jointly Administered |

## COMMITTEE'S FIRST SET OF REQUESTS FOR PRODUCTION
## TO MARQUETTE TRANSPORTATION FINANCE, INC.

**To:    Marquette Transportation Finance, Inc., by and through its counsel, J. Michael Sutherland, Esq., Carrington, Coleman, Sloman, & Blumenthal, L.L.P.; 901 Main Street, Suite 5500, Dallas, Texas 75202.**

The Official Committee of Unsecured Creditors of CG Logistics, Inc. (the "Committee"),

pursuant to Rules 2004 and 7033 of the Federal Rules of Bankruptcy Procedure, and pursuant to

the Court's *Order Granting Rule 2004 Examination of Marquette Transportation Finance, Inc.*

(the "Rule 2004 Order"), hereby serves upon Marquette Transportation Finance, Inc.

("Marquette") this its *First Set of Requests for Production* (each a "Request", collectively, the

"Requests").

---

[1] The Debtors are Gulf Coast Transport, Inc., Case No. 09-31896; GC Leasing Services, Inc., Case No. 09-31897; Logistics, Inc., Case No. 09-31898; and Gulf Acquisitions, Inc., Case No. 09-31899.

**EXHIBIT A**

# I.    INSTRUCTIONS

1.    You are instructed to produce the documents listed in Section III of these Requests, using the definitions listed in Section II of these Requests and the instructions listed in Section I of these Requests, and to make the same available for inspection and copying, no later than _____, 2009, as provided for in the Rule 2004 Order, at the following address:

> Munsch Hardt Kopf & Harr, P.C.
> Attn: Davor Rukavina
> 3800 Lincoln Plaza
> 500 N. Akard Street
> Dallas, Texas 75201

2.    In producing the documents designated in Section III of these Requests, you must produce all responsive documents in your possession, custody, care or control, regardless of whether the documents are currently in your possession, or in the possession of your attorney(s), accountant(s), employee(s), agent(s) or other representative(s), regardless of who obtained the documents on your behalf, and regardless of the source from which the documents were obtained.

3.    In the event that any document is known which is responsive to any request, but which is no longer within your possession, custody or control, specify what disposition was made of it and identify the person in whose possession, custody or control the document is now. In the event that any document referred to in or encompassed by any request has been destroyed, specify the date of destruction, the manner of destruction, the reason for destruction, the person authorizing destruction and the custodian of the document at the time of its destruction.

4.    If any portion of any document is responsive to any request, then the entire document must be produced.  Documents shall be  produced in the order in which they are found in your files.  Documents that are found stapled, clipped, or otherwise fastened shall be produced in such form.

5.      In the event that no document exists which is responsive to a particular request, a written response indicating same shall be provided.

6.      If any Document is withheld on the basis of privilege, or any Request is objected to on the basis of privilege, you must nevertheless produce other responsive Documents pursuant to such Request which are not subject to any privilege, and you must produce a privilege log concerning documents withheld on the basis for privilege.

## II.    DEFINITIONS

1.      "And" and "or" shall each be individually interpreted in every instance as meaning "and/or" and shall not be interpreted disjunctively to exclude any information otherwise within the scope of any specification.

2.      "Bankruptcy Case" means, collectively, the Debtors' jointly administered bankruptcy case under case number 09-31896-SGJ-11, pending in the Bankruptcy Court.

3.      "Bankruptcy Court" means the United States Bankruptcy Court for the Northern District of Texas, Dallas Division.

4.      "Communication" means any contact or act by which any information is transmitted or conveyed between two or more persons, and shall include, without limitation, written contact by such means as letters, memoranda, telegrams, telexes, electronically transmitted messages, e-mails, or by any Document, and any oral contact by such means as face to face meetings or conversations and telephone conversations which are transcribed, notated or in any other manner memorialized in written, typed or recorded form.

5.      "Debtors" mean, collectively, Gulf Coast Transport, Inc., GC Leasing Services, Inc., GC Logistics, Inc., and Gulf Acquisitions, Inc., and each of their agents, directors, officers, employees, attorneys, counsellors, and persons acting on their behalf or purporting to act on their behalf.

6.    "<u>Documents</u>" refers to (a) all handwritten, typed, or printed matter of any kind, including the originals and all non-identical copies, whether different from the original by reason of any notation made on such copies or otherwise, including, without limitation, agreements, correspondence, forecasts, memoranda, notes, jottings, speeches, press releases, diaries, examinations, statistics, letters, telegrams, minutes, time records, payroll records, expense records, contracts, reports, studies, training manuals, canceled checks, statements, receipts, delivery tickets, returns, summaries, work orders, pamphlets, books, prospectuses, statement of operations, interoffice and intraoffice communications, offers, notations of any sort of conversations, telephone calls, meetings, or other communications, bulletins, printed matter, computer printouts, teletypes, invoices, worksheets, and all drafts, alterations, modifications, changes, and amendments of any of the foregoing; (b) graphic or aural records or representations of any kind, including, without limitation, photographs, charts, graphs, microfiche, microfilm, videotape(s), recordings, motion pictures, and; (c) electronic, mechanical or electric records or representations of any kind, including, without limitation, e-mails, tapes, cassettes, disks, recordings, and all transcriptions, in whole or in part, of any of the foregoing.

7.    "<u>Including</u>" means 'including but not limited to', and is not restrictive or limiting.

8.    "<u>Loan Documents</u>" means the agreements, documents, and instruments referenced or listed in Paragraph 4 of the Stipulation.

9.    "<u>Person</u>" means any natural person or any company, corporation, partnership, association, joint venture, sole proprietorship, governmental agency, and any other legally recognized entity.

10.    "<u>Petition Date</u>" means March 31, 2009.

11.    "Relate", "related to" "relating" or "relating to" refers to any act, work, meeting, oral or written communication, or document, referring, directly or indirectly, in any way to the described facts, or evidencing, directly or indirectly, such facts.

12.    "Stipulation" means the Bankruptcy Court's *Final Order: (i) Approving Stipulation and Agreement Regarding Debtors' Emergency Motion for Post-Petition Financing and Use of Cash Collateral; (ii) Granting Liens and Security Interests Pursuant To 11 U.S.C. §364(C); and (iii) Authorizing Use of Cash Collateral* [Docket No. 125].

13.    "You" and "your" refers to Marquette and its agents, attorneys, counsellors, and persons acting on their behalf or purporting to act on their behalf.

14.    The singular form of a word includes the plural form of that word and the plural form of a word includes the singular form.

## III.    REQUESTS

## REQUEST NO. 1

All documents evidencing any claim, right, interest, or lien that you have against any of the Debtors in the Bankruptcy Case, including, but not limited to, all promissory notes, security agreements, guarantees, and UCC financing statements, and further including any amendment, restatement, or supplement thereto, and further including all of the Loan Documents.

RESPONSE:

## REQUEST NO. 2

All communications and documents between you, on the one hand, and any of the Debtors, on the other hand, related to the application for, negotiation, finalization, drafting, execution, proposed use of funds under, actual or proposed amendment or supplement of, default under, advance under, or payment under any of the Loan Documents, including any draft versions thereof, but specifically excluding any documents and communications otherwise responsive to this Request between you and your legal counsel.

RESPONSE:

## REQUEST NO. 3

All daily submission forms submitted by any of the Debtors to you under the Loan Documents, and other documents sufficient to demonstrate, in summary form, all accounts receivables factored to you by any of the Debtors or presented to you for factoring by any of the Debtors, identifying or listing, with respect to each account receivable so factored or presented for factoring: (i) the identity of the Debtor factoring the account receivable or the identify of the Debtor issuing the account receivable; (ii) the date of the issuance of the account receivable; (iii) the acceptance or non-acceptance by you of the account receivable for factoring; (iv) any payment or funds receives by you on account of the account receivable; and (v) the date of any such payment or receipt of funds.

RESPONSE:

## REQUEST NO. 4

Each account receivable factored, or presented for factoring, to you by any of the Debtors, related to International Paper as the account debtor thereunder, together with any underlying documents or other documents and communications submitted therewith, including any contract with a carrier, bill of lading, agreement, invoice to a motor carrier, or other document.

RESPONSE:

**REQUEST NO. 5**

All documents and communications concerning any transfer of funds, whether loan funds, factored funds, or otherwise, from you to any of the Debtors, including, specifically, any documents or communications related to: (i) the identity of the Debtor to which such funds were transferred; (ii) the account or bank into which such funds were transferred; and (iii) the accounts receivables on account of which such funds were transferred.

RESPONSE:

**REQUEST NO. 6**

All documents and communications related to any reporting, whether financial, accounting, or otherwise, to you by any of the Debtors under any of the Loan Documents, including specifically any financing statement provided to you by any of the Debtors.

RESPONSE:

**REQUEST NO. 7**

Reports and documents, which may be presented in summary format if available, evidencing all funds and payments received by you from any Person on account of one or more of any of the Debtors' accounts receivable factored to you.

RESPONSE:

**REQUEST NO. 8**

All documents and communications related to any account receivable factored by any of the Debtors to you: (i) which was dishonored; (ii) for which the account debtor refused or failed to pay in full; (iii) against which the account debtor asserted an alleged defense to the payment of the same; (iv) which was invalid; or (v) which was not paid in full for any reason, but specifically excluding any documents and communications otherwise responsive to this Request between you and your legal counsel.

RESPONSE:

## REQUEST NO. 9

All documents and communications related to the actual or proposed use by any of the

Debtors of any funds or proceeds provided by you under the Loan Documents or related to any

account receivable factored by any of the Debtors to you.

RESPONSE:

Dated this _____ day of _____, 2009, in Dallas, Texas.

**MUNSCH HARDT KOPF & HARR, P.C.**

By: _____

Kevin M. Lippman
Texas Bar No. 00784479
Davor Rukavina
Texas Bar No. 24030781
Lee J. Pannier
Texas Bar No. 24066705
3800 Lincoln Plaza
500 N. Akard Street
Dallas, Texas 75201
Telephone: (214) 855-7500
Facsimile: (214) 855-7584

**COUNSEL FOR THE UNSECURED
CREDITORS COMMITTEE IN GC
LOGISTICS, INC.**