Kevin M. Lippman
Texas Bar No. 00784479
Jonathan L. Howell
Texas Bar No. 24053668
MUNSCH HARDT KOPF & HARR, P.C.
3800 Lincoln Plaza
500 North Akard Street
Dallas, Texas 75201-6659
Telephone: (214) 855-7500
Facsimile:  (214) 978-4335

**COUNSEL FOR THE UNSECURED
CREDITORS COMMITTEE IN GC LOGISTICS, INC.**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | Case No. 09-31896-SGJ -11 |
| GULF COAST TRANSPORT, INC., *et al.*, | § | |
| | § | Jointly Administered |
| Debtors.[1] | § | |
| | § | **Expedited Hearing Requested** |
| | § | |

## MOTION OF THE UNSECURED CREDITORS COMMITTEE
## IN GC LOGISTICS, INC. TO SET ASIDE ORDER GRANTING
## DEBTORS' MOTION FOR ENTRY OF ORDER ESTABLISHING
## PROCEDURE FOR MONTHLY AND INTERIM COMPENSATION AND
## REIMBURSEMENT OF EXPENSES FOR ESTATE PROFESSIONALS

TO THE HONORABLE STACY G. C. JERNIGAN, U.S. BANKRUPTCY JUDGE:

The Unsecured Creditors Committee in GC Logistics, Inc. (the "Committee") files its

Motion to Set Aside Order Granting Debtors' Motion for Entry of Order Establishing Procedure

for Monthly and Interim Compensation and Reimbursement of Expenses for Estate Professionals

(the "Motion"), pursuant to Federal Rule of Civil Procedure 60(b), made applicable by Federal

---

[1] The Debtors are Gulf Coast Transport, Inc., Case No. 09-31896; GC Leasing Services, Inc., Case No. 09-31897; GC Logistics, Inc., Case No. 09-31898; and Gulf Acquisitions, Inc., Case No. 09-31899.

Rule of Bankruptcy Procedure 9024, and in support thereof would respectfully show the Court as follows:

## I. PROCEDURAL BACKGROUND

1.      On March 31, 2009 (the "Petition Date"), Gulf Coast Transport, Inc. and its affiliated debtors (collectively, the "Debtors") filed their respective voluntary petitions for relief under Chapter 11 of title 11, United States Code (the "Bankruptcy Code"), thereby commencing the above-referenced jointly administered bankruptcy cases (collectively, the "Bankruptcy Cases") and establishing the bankruptcy estates (the "Bankruptcy Estates").  Since the Petition Date, the Debtors have continued to operate and manage their businesses as debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

2.      On April 6, 2009, the Debtors filed their Motion for Entry of Order Establishing Procedure for Monthly and Interim Compensation and Reimbursement of Expenses for Estate Professionals (the "Fee Procedures Motion") [Doc. No. 44], whereby the Debtors requested that the Court enter an order establishing a mechanism to provide Debtors' counsel and certain other professionals employed under section 327 of the Bankruptcy Code to receive monthly interim compensation and reimbursement of expenses during the pendency of the Bankruptcy Case up until a final hearing is held in accordance with sections 330 and 331 of the Bankruptcy Code.

3.      On April 16, 2009 (the "Committee Formation Date"), the Office of the United States Trustee for the Northern District of Texas organized and appointed the Committee.

4.      On May 1, 2009, the Court entered its Order Granting Debtors' Motion for Entry of Order Establishing Procedure for Monthly and Interim Compensation and Reimbursement of Expenses for Estate Professionals (the "Fee Procedures Order") [Doc. No. 128].

## II.  RELIEF REQUESTED

5.     The Committee hereby requests that the Court set aside the Fee Procedures Order

pursuant to Federal Rule of Civil Procedure 60(b) on account of the Debtors' recent admission

that the Bankruptcy Estates are administratively insolvent.  The administrative insolvency of the

Bankruptcy Estates creates legal and procedural problems that will only be exacerbated by the

continued implementation of the monthly compensation and expense reimbursement mechanism

put into place by the Fee Procedures Order.  Specifically, the Committee submits that it is

improper to continue the monthly payments to professionals subject to the Fee Procedures Order

because all administrative claims incurred as a result of the continued operation and preservation

of the Bankruptcy Estates are *pari passu* with the fees and expenses incurred by Debtors' counsel

and the other professionals subject to Fee Procedures Order.

## III.  ARGUMENT AND AUTHORITY

6.     The Committee submits that setting aside the Fee Procedures Order is proper

under Federal Rule of Civil Procedure 60(b).  In relevant part, Federal Rule of Civil Procedure

60(b) states that "the court may relieve a party or a party's legal representative from a judgment,

order, or proceeding for . . . newly discovered evidence which by due diligence could not have

been discovered . . . or any other reason justifying relief from the operation of the judgment."

FED. R. BANKR. P. 9024 (incorporating FED. R. CIV. P. 60(b)).  A motion to set aside an order

under Federal Rule of Civil Procedure 60(b) must be made within "one year after the judgment,

order, or proceeding was entered or taken."  *See id.*

7.     Applying Federal Rule of Civil Procedure 60(b) to this Bankruptcy Case, the Fee

Procedures Order should be set aside because of the Debtors' recent admission that the

Bankruptcy Estates are administratively insolvent.[2]  Currently, the Debtors estimate that holders of administrative expense claims will only receive 67.3% of their claim.[3]  The Fee Procedures Order should be set aside to ensure that those administrative expense claims that are not subject to the Fee Procedures Order, or which have not been paid pursuant to the Fee Procedures Order, are paid *pari passu* with all administrative claimants.  As of December 31, 2009, Debtors' professionals have been paid $371,118 pursuant to the Fee Procedures Order.

WHEREFORE, the Committee respectfully requests that this Court: (i) grant this Motion in its entirety; (ii) set aside the Fee Procedures Order; (iii) prohibit the payment of any professional fees incurred and unpaid until further authorized by the Court; and (iv) grant the Committee such other and further relief to which it is justly entitled.

---

[2] *See* Second Amended Disclosure Statement Under 11 U.S.C. § 1125 in Support of Debtors' Second Amended Joint Plan of Reorganization, Exhibit C – Liquidation Analysis [Doc. No. 490].

[3] The Committee notes that this recovery estimate reflects the holders of payroll tax claims recovering 100% of their claim.  The Committee is unaware of any legal basis to favor this claimant.  The fact that one or more officers of the Debtors may have personal liability for these claims does not justify treating such claims differently.

Respectfully submitted this 19th day of February, 2010.

**MUNSCH HARDT KOPF & HARR, P.C.**
500 North Akard Street
3800 Lincoln Plaza
Dallas, Texas  75201-6659
Telephone: (214) 855-7500
Facsimile:  (214) 978-4335
E-mail:  klippman@munsch.com
          jhowell@munsch.com

By:     /s/ Kevin M. Lippman
        Kevin M. Lippman
        Texas Bar No. 00784479
        Jonathan L. Howell
        Texas Bar No. 24053668

**COUNSEL FOR THE UNSECURED
CREDITORS COMMITTEE IN GC
LOGISTICS, INC.**

## CERTIFICATE OF SERVICE

This is to certify that the undersigned caused a true and correct copy of the foregoing Motion to be served on all parties in this Bankruptcy Case receiving notice via the Court's ECF System, and upon the parties listed below by first-class United States mail, postage prepaid, on the 19th day of February, 2010.

Mark A. Castillo                          Nancy Sue Resnick
The Curtis Law Firm, PC                   Office of U.S. Trustee
901 Main Street, Suite 6515               1100 Commerce St., Room 976
Dallas, TX 75202                          Dallas, TX 75242-1496

Gulf Coast Transport, Inc.
450 North Aston Drive
Sunnyvale, TX 75182


By:  /s/ Jonathan L. Howell
     Jonathan L. Howell